

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Cabot Jenkins, | ) | Civil Action No. 2:14-4139-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Electric and Gas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This action has been filed by the Plaintiff, pro se, asserting a disability claim under the Americans with Disabilities Act (ADA), wherein Plaintiff alleges that he was wrongfully terminated from his job on or about December 18, 2012, due to a disability (diabetes coupled with depression and panic disorder symptoms). See Court Docket No. 35. By Order filed May 28, 2015, the discovery deadline in this case was set for September 28, 2015, with any dispositive motions to be filed December 29, 2015.

      In an Order filed September 2, 2015, the Court granted Defendant's motion to compel requiring Plaintiff to supplement his responses to Defendant's Interrogatories and Requests for Production of Documents. It was noted in that Order that Plaintiff had not even responded to Defendant's motion to compel. Plaintiff was specifically advised in that Order that a failure to comply with the Court's Order may result in the imposition of appropriate sanctions. See Court Docket No. 42. Thereafter, on September 24, 2015, the Defendant filed a motion to amend the scheduling order in the case, noting therein that while Plaintiff had filed some supplemental discovery responses, it was still awaiting medical records as well as copies of tax returns, following receipt of which it would still need to take Plaintiff's deposition. An Order was then entered extending the discovery deadline in this case for sixty (60) days, to November 27, 2015. See Court Docket No. 46.

On October 16, 2015, the Defendant filed a motion to enforce the Court's Order of September 2, 2015, noting therein that Plaintiff had still failed to provide copies of the requested tax returns, as well as that Plaintiff was refusing to even respond to notifications and requests being sent by defense counsel. The Defendant requested in that motion that the Court issue an order requiring Plaintiff to fully respond to Defendant's request for production No. 9 (requesting all income records filed with the IRS, including complete tax returns and W2s for the years 2010 to the present) and awarding attorney's fees for having to bring the motion before the court, and such other and further relief as the court deemed necessary, just and proper.

Plaintiff did not file a response to the Defendant's motion by the deadline for doing so, although two (2) weeks later he did submit a response stating that his "wife would not sign document or tax form". Thereafter, in an Order filed December 1, 2015, Defendant's motion to enforce the Court's Order of September 2, 2015 was granted. See Court Docket No. 57. That Order specifically placed Plaintiff on notice that, having brought this lawsuit, he had voluntarily subjected himself to the discovery rules of this Court, which is the means through which a Defendant is able to seek and obtain evidence to defend itself from the claims a Plaintiff is asserting, and that if Plaintiff failed to comply with the discovery rules of this Court, and in particular any orders issued for his compliance, his case may be subject to dismissal under Rule 41(b), Fed.R.Civ.P. Plaintiff was additionally advised that Rule 37(b)(2) Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court may make such orders in regard to such failure as are just, including dismissing the action. Plaintiff was then given a deadline of December 11, 2015 to provide the requested information, and advised that if he failed to do so, he would be subject to sanctions by the Court, to include possible limitations on his claims and/or the evidence he can present, monetary penalties, or even dismissal of this case. Plaintiff was also advised that he may be subject to sanctions, to include possible dismissal of his case, if he continued to fail to timely respond (or respond at all) to letters and inquiries from defense counsel, motions filed by the Defendant, or orders issued by the Court. Finally, the discovery deadline was again extended, this time to January 27,

2



2016.  See Order (Court Docket No. 57).

### Order of this Court

On January 20, 2016, Defendant filed a motion for protective order to stay discovery pending the filing of a dispositive motion by the Defendant.  Defendant's motion to stay is based on "Plaintiff's utter disregard for the discovery process and refusal to meaningfully participate in his own deposition conducted on January 19, 2016".  Defendant notes in its motion that during Plaintiff's deposition (a copy of which, pursuant to instructions of the Court, has been filed on the Docket) Plaintiff responded with some version of "I don't recall" or "I don't know" approximately three hundred and four (304) times, and argues that at no point did Plaintiff offer up any information whatsoever regarding his claims.  The Court has itself reviewed the deposition transcript filed on the docket, and agrees with Defendant's characterization that "throughout the entirety of his deposition, Plaintiff was wholly uncooperative, presented a sheer unwillingness to prosecute his case, and failed to provide any facts whatsoever in support of his claims against [the] Defendant".

Plaintiff has filed a response to Defendant's motion in which he argues that the Defendant is not being "accurate" with the facts, and asking that the Defendant's motion be denied. Plaintiff has also filed a motion to compel, to include an order allowing him to take the depositions of three (3) individuals.

After careful review and consideration of these motions and the history of this case, **IT IS ORDERED** that Defendant's motion to stay is **granted**.  The Court finds Plaintiff's response to Defendant's motion to be utterly without merit.  As for Plaintiff's motion to compel, the Court is constrained to note that Plaintiff was asked during his deposition why he had noticed the deposition of certain individuals and what he expected those individuals to be able to testify to, to which Plaintiff responded that he did not know.  See Transcript, pp. 108-109.  Therefore, Plaintiff's motion to compel is **denied**.

### Report and Recommendation

Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure



to prosecute or for failure to comply with court orders.  "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . "  See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).  Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate.  The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal.  Chandler Leasing Corp., 669 F.2d 9at 920; Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

   The record before the Court in this case clearly shows that Plaintiff has failed to properly or timely respond to discovery requests, to requests and inquiries from defense counsel, has failed to communicate with defense counsel, and in particular has failed to participate in any meaningful way in his own deposition or set forth a rationale for the prosecution of his case.  Hence, the degree of personal responsibility of the Plaintiff is manifest.  The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff.  Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

   Additionally, while the Plaintiff has engaged in the conduct described herein, the continuation of this action has caused the Defendant to incur continuing costs and expenses associated with this lawsuit, while Plaintiff's failure to cooperate in discovery or make a good-faith effort to participate in his deposition has prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action.  Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

   As for the fourth prong of the Fourth Circuit's four prong test, while the undersigned



is mindful of the fact that the Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, the undersigned finds that Plaintiff's refusal to meaningfully participate in his own deposition or otherwise cooperate in the prosecution of this case would justify the entry of an order of dismissal. However, in considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself.

In an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for him to cooperate in this litigation and to comply with the Court's orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees as a penalty for his conduct would result in a change in his behavior is unknown; however, through the payment of fees and costs, Plaintiff may be able to sufficiently demonstrate to the Court that he will in the future comply with this Court's rules so as to allow this case to proceed, while at the same time allowing the Defendant to recoup some of the losses it has incurred as a result of Plaintiff's actions to date.

If this option is accepted by the Court, the Defendant should be required to submit affidavits of fees and costs incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs because of this conduct to include the failed attempt at taking Plaintiff's deposition, within ten (10) days of any order of the Court adopting this Report and Recommendation. Plaintiff could submit any objections he may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount due. In the event payment by the Plaintiff is then made, a new deadline would be set for Plaintiff's deposition (if necessary) or any further discovery. However, in the event Plaintiff fails to timely remit payment, then this action would be dismissed with prejudice.

This option should be pursued, however, only if Plaintiff, in response to this Report and Recommendation, indicates a willingness to abide by these conditions and to henceforth properly pursue his claims. Further, if he fails to even respond to this Report and Recommendation, then dismissal under Rule 41(b) should be granted.

**Conclusion**

As is set forth more fully hereinabove, the Defendant's motion to stay is **granted**, while the Plaintiff's motion to compel is **denied**.

Additionally, it is **recommended** that, if Plaintiff fails to respond to the Report and Recommendation contained herein, or indicates to the Court that he will not comply with the recommendation contained herein, then pursuant to Rule 41(b) Fed.R.Civ.P. this case should be **dismissed**, with prejudice. If, however, Plaintiff files a response or objection to this recommendation indicating his willingness to continue with the prosecution of this case and to comply with the Rules of this Court, the Defendant should be required to submit affidavits of fees and costs incurred as a result of Plaintiff's conduct with payment to be made by the Plaintiff thereon, all as is set forth hereinabove. Upon receipt of such payment, a new deadline will be set for Plaintiff's compliance with discovery as well as other deadlines in an amended scheduling order. However, in the event Plaintiff fails to timely remit payment, then this action should be **dismissed,** with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 1, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

