IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Walter Cabot Jenkins, ) | Civil Action No. 2:14-4139-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| South Carolina Electric and Gas, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this action be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure if Plaintiff fails to indicate his willingness to pay an assessment of the costs incurred by his own misconduct. For the reasons given below, the Court adopts the Report and Recommendation as the Order of this Court and dismisses the action with prejudice.

I.   **Background**

In this *pro se* action filed on October 23, 2014, Plaintiff alleges that he was wrongfully terminated from his employment with Defendant on or about December 18, 2012 due to a disability (diabetes coupled with depression and panic disorder symptoms), in violation of the Americans with Disabilities Act. By Order filed May 28, 2015, the discovery deadline in this case was set for September 28, 2015. In an Order filed September 2, 2015, the Court granted Defendant's motion to compel Plaintiff to supplement his responses to Defendant's Interrogatories and Requests for Production of Documents. Plaintiff did not respond to Defendant's motion to compel. The Order advised Plaintiff that a failure to comply with the Court's Order could result in the imposition of sanctions. (Dkt. No. 42.)

On September 24, 2015, the Defendant filed a motion to amend the scheduling order, noting that while Plaintiff had filed some supplemental discovery responses, Defendant was still awaiting medical records and copies of tax returns, following receipt of which it would still need to take Plaintiff's deposition. An Order was then entered extending the discovery deadline for sixty days, to November 27, 2015. (Dkt. No. 46.) On October 16, 2015, the Defendant filed a motion to enforce the Court's Order of September 2, 2015, noting that Plaintiff had still failed to provide copies of the requested tax returns and that Plaintiff was refusing even to respond to requests from defense counsel. Plaintiff did not file a response to the Defendant's motion by the deadline for doing so; two weeks later he submitted a response stating that his "wife would not sign document or tax form." On December 1, 2015, the Court granted Defendant's motion to enforce the Court's Order of September 2, 2015. (Dkt. No. 57.) That Order placed Plaintiff on notice that, having brought this lawsuit, he had voluntarily subjected himself to the discovery rules of this Court, and that failure to comply could result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff was then given a deadline of December 11, 2015 to provide the requested information. Finally, the discovery deadline was again extended, to January 27, 2016.

On January 20, 2016, Defendant filed a motion for protective order to stay discovery pending the filing of a dispositive motion by the Defendant, on the basis of Plaintiff's refusal to cooperate with his deposition. During Plaintiff's deposition, Plaintiff responded with a version of "I don't recall" or "I don't know" 304 times. The Magistrate Judge reviewed the deposition transcript and found that "'throughout the entirety of his deposition, Plaintiff was wholly uncooperative, presented a sheer unwillingness to prosecute his case, and failed to provide any facts whatsoever in support of his claims against [] Defendant.'" (R. & R. 3 (quoting Defendant's

motion for protective order).) The Court granted Plaintiff's motion on February 1, 2016. The Court also denied a motion to compel from Plaintiff, in which Plaintiff asking for an order allowing him to take the depositions of three individuals. When asked during his deposition why he had noticed the deposition of those persons and how they are relevant to his claims, Plaintiff responded, "I do not know." (Jenkins Dep. Tr. 108–10, Dkt. No. 67.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Analysis

The Court dismisses this action with prejudice pursuant to Rule 41(b) of Federal Rules of Civil Procedure. Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit provides a four-prong test for

Rule 41(b) dismissal that requires courts to consider: (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). The Magistrate Judge applied this test in the Report and Recommendation and Court agrees with the Magistrate Judge's analysis: Plaintiff's personal responsibility is manifest, Plaintiff has "prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action," there is a "drawn-out history of deliberately proceeding in a dilatory fashion," and the only available sanction less drastic than dismissal is a monetary penalty. (R. & R. 5.) In an attempt to identify some possible sanction less drastic that dismissal, the Magistrate Judge recommends assessing to Plaintiff the costs that Plaintiff's misconduct has inflicted on Defendant, but "only if Plaintiff, in response to this Report and Recommendation, indicates a willingness to abide by these conditions and to henceforth properly pursue his claims." (R. & R. 6.)

In response to the Report and Recommendation, "Plaintiff objects to the recommendation that he pays Defendant fees and costs. Plaintiff's conduct was not against the rule of law pursuant to [R]ule [] 41(b) Fed.R.Civ.P." Plaintiff also asserts "[h]owever in response[,] [t]he Plaintiff is willing to continue with this prosecution of this case and to comply with the rules of this court." (Dkt. No. 72.) That does not indicate willingness to abide by the condition of paying costs. Plaintiff was not asked if he was willing to comply with the rules, he was asked if he was willing to pay a monetary penalty as a condition for being allowed to continue prosecuting his case. His answer, clearly, is no. The Magistrate Judge "finds that Plaintiff's refusal to meaningfully participate in his own deposition or otherwise cooperate in the prosecution of this case would

justify the entry of an order of dismissal." (R. & R. 5.) The Court agrees and dismisses this case with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 69) as the Order of this Court and **DISMISSES WITH PREJUDICE** the Complaint.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 19, 2016
Charleston, South Carolina

-5-